UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. SHELTON, | ) | CASE NO. 1:23-cv-00483 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA METROPOLITAN, HOUSING AUTHORITY, *et al*., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, *et. seq*. (Doc. 64.)[1] The Bill of Costs is supported by an itemization of costs (Doc. 64-1), invoices (Doc. 64-2), and the declaration of Aretta K. Bernard declaring the expenses "are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed" (Doc 64 at 2844).[2] Plaintiff did not file an objection.

## I. BACKGROUND

The above-captioned case was decided in Defendants' favor. (Docs. 61, 62.) Defendants now seek $120.46 in fees for service of summons and subpoena; $5,622.20 in fees for printed or electronically recorded transcripts necessarily obtained for use in this case; $675 in fees for

---

[1] While Defendants submitted a Bill of Costs, rather than a motion to tax costs, the Court will review the bill of costs in the first instance rather than have the clerk of courts make an initial assessment. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 418-19 (6th Cir. 2005), ("the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk"), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 132 S. Ct. 1997, 182 L. Ed. 2d 93 (2012).

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

witnesses; and $1,560.52 in other costs. (Doc. 64 at 2844.) The combined total is $7,978.18. (*Id.*)

## II. LAW AND ANALYSIS

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). The unsuccessful party bears the burden of overcoming this presumption. *White & White, Inc.*, 786 F.2d at 732. The presumption only applies to those costs authorized under 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987); *Colosi v. Jones Lang LaSalle Ams., Inc.*, 781 F.3d 293, 295 (6th Cir. 2015).

28 U.S.C. § 1920 sets forth the expenses that may be taxed as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Even when costs are allowed, "the Court must exercise discretion in assessing costs, only allowing for materials 'necessarily obtained for use in the case' . . . and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995) (citations omitted). "Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v.*

*Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S. Ct. 411, 13 L. Ed. 2d 248 (1964).

**A. Service of Subpoenas**

Under § 1920(1), the "[f]ees of the clerk and marshal" may be taxed. Where the party seeking costs used a private process server, the costs cannot exceed what the U.S. Marshal Service ("USMS") would charge to serve the subpoena. *See Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 202-03 (6th Cir. 2002). The USMS fees for service are set out in 28 C.F.R. § 0.114. Defendants seek $120.46 in fees for the service of five subpoenas via FedEx. (Doc. 64 at 2844; Doc. 64-1 at 2846; Doc. 64-2 at 2848-49.) The requested fees are supported by invoices and Ms. Bernard's declaration. (*Id.*) With no objection from Plaintiff, the Court finds the subpoenas were necessarily obtained for use in this case and the fees are reasonable. Accordingly, Plaintiff is taxed $120.46 for subpoena service fees.

**B. Transcripts**

A court may tax a party for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in this case. . . ." 28 U.S.C. § 1920(2). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Defendants seek $5,622.20 for deposition transcripts. (Doc. 64 at 2844; Doc. 64-1 at 2846; Doc. 64-2 at 2850-56.) The requested fees are supported by invoices and Ms. Bernard's declaration. (*Id.*) The parties relied on the listed deposition transcripts during summary judgment briefing. (*See* Docs. 40, 58, 60.) With no objection from Plaintiff, the Court finds the deposition transcripts were necessarily obtained for use in this case and the fees are reasonable. Accordingly, Plaintiff is taxed $5,622.20 for deposition transcript fees.

**C. Witnesses**

The prevailing party may also recover fees for witnesses under 28 U.S.C. § 1920(3). *See*

*L & W Supply Corp. v. Acuity*, 475 F.3d 737, 738 (6th Cir. 2007). Witness expenses only include a $40.00 per day attendance fee, travel fees, and subsistence fees as specified in 28 U.S.C. § 1821. *Id*. at 738-39; *see also Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1025 (N.D. Ohio 1997). Expert witness fees, including "the hourly rate charged for the expert's time and services," may not be taxed as costs at a court's discretion under Rule 54(d) because they are not authorized by § 1920. *Acuity*, 475 F.3d at 741 (citations omitted).

Defendants seek $675 in witness fees pursuant to 28 U.S.C. §1821 for the deposition of expert David L. Hudson, Jr. (*See* Doc. 59; Doc. 64 at 2844-45; Doc. 64-1 at 2846; Doc. 64-2 at 2857.) The invoice does not indicate any travel expenses, such as parking or travel mileage, or that he appeared for more than one day. (Doc. 64-2 at 2857.) The invoice simply suggests Defendants are requesting the expert's hourly rate of $300 for his appearance at a deposition that lasted two hours and fifteen minutes. (*Id.*) Notwithstanding Plaintiff's lack of objection, Defendants' request for $675 in expert witness fees for David L. Hudson, Jr.'s deposition attendance is denied. *Acuity*, 475 F.3d at 741. The attendance fee should be limited to the attendance fee for a one-day deposition under 28 U.S.C. § 1821(b). Accordingly, Plaintiff is taxed $40 in witness fees.

**D. Other Costs**

Finally, a court may tax a party for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . ." 28 U.S.C. § 1920(4). Defendants seek $1,560.52 in other costs. (Doc. 64 at 2844.) These other costs include $125.40 for mailing various exhibits, $160.12 for the creation of USBs, and $1,275 for social media imaging. (Doc. 64-1 at 2846-47; Doc. 64-2 at 2858-63.)

As to mailing fees, Defendants include FedEx invoices for mailing various exhibits to court reporters, the Clerk of Courts, and Plaintiff's counsel. (Doc. 64-1 at 2846-47; Doc. 64-2

2860-62.) However, the cost for mailing and postage are not authorized under § 1920. *See Summit Tool Co. v. Xinkong USA, Inc.*, No. 20-cv-1182, 2021 U.S. Dist. LEXIS 140325, 2021 WL 3190780, at *11 (N.D. Ohio July 28, 2021) (citation omitted); *see also Shell v. Lautenschlager*, No. 15-cv-1757, 2018 U.S. Dist. LEXIS 166573, 2018 WL 4636457, at *6 (N.D. Ohio Sept. 27, 2018) ("Postage is not included in Section 1920, and thus is not recoverable as a cost.") (collecting cases). Notwithstanding Plaintiff's lack of objection, Defendants' request for $125.40 for mailing exhibits is denied.

As to costs for the creation of USBs and social media imaging, § 1920(4) authorizes costs for making copies of materials necessarily obtained for use in the case. *Colosi*, 781 F.3d at 296 (citing 28 U.S.C. § 1920(4)). The Sixth Circuit has allowed the taxation of costs relating to electronic discovery, including imaging a hard drive, because "imaging" is a form of "copying" within the meaning of § 1920(4). *Id.* at 297. District courts in this circuit therefore allow the prevailing party to recover certain electronic discovery expenses under § 1920(4) where they relate to "copying-like costs." *See Consumer Fin. Prot. Bureau v. Weltman, Weinberg & Reis, Co., L.P.A.*, 342 F. Supp. 3d 766, 770-71 (N.D. Ohio 2018) (allowing costs for "[d]ata conversion, audio transcription, and export of data" because they "suggest a replication of data that would fit the broader definition of electronic 'copying'"); *Med. Mut. of Ohio v. Air Evac EMS, Inc.*, No. 16-cv-80, 2020 U.S. Dist. LEXIS 265050, 2020 WL 13454002, at *6 (N.D. Ohio Sept. 1, 2020) (scanning pages, converting files, producing documents, and importing, exporting, and loading data constituted "copying" within the meaning of § 1920(4)).

Defendants seek $160.12 for the creation of USBs for filing of exhibits and $1,275 for social media imaging. (Doc. 64-1 at 2846-47; Doc. 64-2 at 2858-59, 2863.) The creation of USBs to manually file various exhibits and the imaging of Plaintiff's social media pages

constitute "copying" costs within the meaning of § 1920(4). The requested fees are supported by invoices and Ms. Bernard's declaration. (Doc. 64 at 2844; Doc. 64-2 at 2858-59, 2863.) The parties relied on these exhibits in summary judgment briefing. (*See* Docs. 40, 58, 60.) With no objection from Plaintiff, the Court finds these copying costs were for materials necessarily obtained for use in the case and the fees are reasonable. Accordingly, Plaintiff is taxed $1,435.12 in other costs.

## III. CONCLUSION

For the reasons stated herein, Defendants' Bill of Costs is APPROVED in part and DENIED in part. (Doc. 64.) Costs in the amount of $7,217.78 are hereby taxed to Plaintiff pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.

**IT IS SO ORDERED.**

**Date**: August 14, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE